H. M. REED and Clifton Butler, Appellants,

v.

Camilo CHAVEZ, Jr., and Angel Chavez, Appellees.

No. 5442.

Court of Civil Appeals of Texas.

El Paso.

Dec. 21, 1960.

Rehearing Denied Jan. 11, 1961.

Guinn, Guinn & Truex, El Paso, for appellants.

Harold S. Long, El Paso, for appellees.

FRASER, Justice.

Appellants sued appellees for damages arising out of an alleged breach of contract involving the picking of appellees' cotton by mechanical pickers operated by appellants. The appellees filed a motion for

summary judgment based on the pleadings and the depositions of appellant Reed and appellee Camilo Chavez. The court granted this motion, and appellants have appealed therefrom.

■ We believe that the trial court was correct in granting the summary judgment, because the evidence here does not show a contract that was sufficiently ascertainable or enforceable. Appellants' petition alleges that a contract existed between the parties, whereby appellants were to pick approximately one thousand bales of cotton at Dell City, for which appellees were to pay $2 per hundred pounds, and 25 cents per hundred pounds for hauling same to the gins.

As stated above, the only evidence adduced at the time the court passed on the motion was the depositions heretofore referred to. In this respect, the record shows that the motion for summary judgment was filed in the trial court on March 22, 1957, and a hearing then had, after which the court gave appellants further opportunity to file other affidavits in support of their cause of action. Finally, on February 18, 1960, the defendants again called up their motion, and the same was granted.

Taking the deposition· of appellants at its full face value, and resolving all possible implications in appellants' favor, we cannot find that appellant has testified to a contract sufficient to sustain the action here concerned. Appellants, in their brief, refer to an exhibit which apparently was a letter written by appellee Camilo Chavez, and contend that it is a part of their cause of action and is evidence of a contract. In fact, in his deposition, Mr. Reed says as follows:

"Q. Did you ever get any kind of a signed contract from Mr. Chavez to pick cotton that year? A. Right here (indicating) is what we got from him.

"Q. That is what you claim as a contract? A. Well, I would call it a contract.

"Q. All ' right, sir. Did you ever get one that definitely stated a price for picking or any number of bales that he would definitely let you pick? A. No, but as everything was satisfactory as they were the year before, and I took Mr. Chavez to be a man of his word, and I wasn't uneasy a bit."

This letter, or exhibit, does not appear in the record, and so we are unable to assess its value, or give it consideration. The rest of the deposition indicates, from various conversations, that there had been considerable talk about the appellants picking cotton for the appellees in 1955. However, it does not appear that the parties ever reached an enforceable agreement. Appellants used their mechanical pickers to pick about 76 bales of cotton for the appellees, after which they did not permit, or ask, them to pick any more. This work was fully paid for and is not in dispute.

It would be tedious and impracticable to here reproduce a substantial part of the conversations set forth in the deposition; but, as we have said above, taken at their highest face value, and with all proper implications indulged in favor of appellants, it appears that appellants believed that they had some sort of agreement with appellees on the basis of the ʾfact that they had picked cotton for appellees in 1954, and everything had been satisfactory. But we cannot find satisfactory evidence in the deposition to show how much cotton was to be picked·in 1955, and for what price.

■ Summary judgment should be very carefully applied, and we have given much thought to this particular set of facts; but, in view of·the fact·that appellants had over two and one half years to submit additional evidence, or affidavits, and did not do so, we are forced to conclude that the evidence· does not sustain the petition and does not establish the breach of a completed and enforceable contract.

Appellants' points of error are therefore overruled, and the judgment of the trial court affirmed.